UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WARNER, | ) | CASE NO. 1:21-cv-1885 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET M. BRENNAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| AMAZON.COM SERVICES, LLC, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before this Court is Defendants Amazon, Inc. and Amazon.com Services, LLC's ("Amazon") motion to dismiss *pro se* Plaintiff Robert Warner's amended complaint. (Doc. No. 14.) Plaintiff filed a brief in opposition to Amazon's motion to dismiss his amended complaint (Doc. No. 24), and Amazon submitted a reply brief in support of its motion (Doc. No. 28). For the reasons stated herein, this Court GRANTS Amazon's motion as to Plaintiff's 18 U.S.C. § 2385, constitutional, and Title VII discrimination claims and DENIES it as to the Title VII retaliation claim.

I. **Background**

    **A. Factual Allegations**

Plaintiff is an employee at the Amazon fulfillment center located at 1155 Babbit Road in Euclid, Ohio (the "Fulfillment Center"). (Amended Complaint, Doc. No. 8 at PageID 67.) On or about June 16, 2020, employees at the Fulfillment Center were ordered to cease work and remain silent for eight minutes and 46 seconds, which represents the amount of time that Minneapolis Police Officer Derek Chauvin knelt on George Floyd's neck. (*Id.* at PageID 68.) Plaintiff objected. (*Id.*)

1

According to the complaint, Plaintiff is an atheist who believes that there is good, evil, right, and wrong. (*Id*. at PageID 65.) And he viewed the protests surrounding George Floyd's death as a racist, quasi-religious force of evil that encouraged violence against brave and innocent police officers. (*Id.* at PageID 67-68, 71.) Ultimately, Plaintiff believed these protests posed an existential threat to state governments. (*Id.* at PageID 67.)

Because of these views, Plaintiff characterized the Fulfillment Center's moment of silence as forcing him to adopt the anti-police ideology of the larger George Floyd protests and "worship a dead man for no reason except for the color of his skin." (*Id.* at PageID 68.) The complaint indicates that Plaintiff ignored this order and continued to work and make noise, but his supervisor quickly ordered him to stop working and remain quiet. (*Id.*)

Soon after this moment of silence, Plaintiff's African American supervisor transferred him from the "Pack Flow" department to the "Pack Singles" department. (*Id.*) Plaintiff alleges that the position in the Pack Singles department is less desirable because it requires more – and what he deems as unnecessary – strenuous physical labor, such as extending his arms while holding heavy packages. (*Id.* at PageID 68-69.) Ultimately, Plaintiff claims that this increased physical demand has caused him to develop back pain. (*Id*.)

Plaintiff filed a charge against Amazon with the Equal Employment Opportunity Commission (the "EEOC") in response to this transfer. (*Id.* at PageID 69.) Shortly after filing the EEOC charge, Plaintiff was transferred back to the Pack Flow department. (*Id.*) But occasionally, Plaintiff is still required to work shifts with the Pack Singles department. (*Id.*) His supervisors informed him that he is subject to these transfers because he is one of the few people in Pack Flow who Amazon has cross-trained to work Pack Singles. (*Id.*) Plaintiff has and continues to express his objections to the legality of these transfers. (*Id.*) After stating one such

2

objection – and immediately after or on the same day he requested his right to sue letter from the EEOC – his shift manager subjected him to written discipline and removed him from the "Problem Solve" position. (*Id.* at PageID 69-70.) Plaintiff states that he became a Problem Solve worker "with the understanding that [he] could change [his] mind if [he] so desired." (*Id.* at PageID 70.)

Plaintiff contends that in holding the moment of silence, Amazon effectively forced its employees to adopt the anti-white, radical ideas of the larger George Floyd protest movement, such as the belief that the only way to stop police brutality against black citizens is to defund police departments. (*Id.* at PageID 72.) But Plaintiff also asserts that Amazon ordered this moment of silence to shield the fact that it discriminates against black people. (*Id.* at PageID 74.) The complaint alleges that the Fulfillment Center's supervisory staff almost entirely consists of non-black employees, whereas the low-level employees are all black. (*Id.*) To Plaintiff, this discrepancy "can only occur under a blatantly racist scheme." (*Id.*)

### B. Procedural Background

On October 4, 2021, Plaintiff initiated this action by filing a complaint against Amazon. (Doc. No. 1.) On February 14, 2022, Amazon answered the complaint and filed a motion to dismiss for failure to state a claim. (Doc. Nos. 5 & 6.)

In response, Amazon filed an amended complaint (Doc. No. 8), a motion for summary judgment, a joinder of claims, a 28-day extension to file responsive pleadings, a criminal referral, and to exclude a future defense (Doc. No. 10), and an opposition brief to Amazon's motion to dismiss his original complaint (Doc No. 11). Amazon responded to these documents by filing a motion to dismiss the amended complaint (Doc. No. 14) and answering the amended complaint (Doc. No. 15).

On April 6, 2022, Plaintiff opposed Plaintiff's motion for a criminal referral (Doc. No. 20), a joinder of claims (Doc. No. 21), and to exclude a future defense (Doc. No. 22). On this day, Amazon also filed a motion to hold the summary judgment motion in abeyance until the Court ruled on its motion to dismiss the amended complaint. (Doc. No. 23.) Plaintiff objected to having his motion for summary judgment held in abeyance. (Doc. No. 26.) Thereafter, the Court denied Amazon's first motion to dismiss as moot and agreed to hold Plaintiff's summary judgment motion in abeyance until it ruled on Amazon's motion to dismiss the amended complaint. (Doc. No. 27.)

Plaintiff timely opposed the motion to dismiss the amended complaint (Doc. No. 24), and Amazon timely filed a reply brief (Doc. No. 28).

Additionally, Plaintiff filed a motion to strike affirmative defenses in Amazon's answer to his amended complaint (Doc. No. 25) and a motion to strike Amazon's reply in support of its motion to dismiss the amended complaint (Doc. No. 30). Both motions are now fully briefed. (Doc. Nos. 29, 31, 32 & 33.)

**II. Standard of Review**

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017) (setting forth the standard of review for a motion to dismiss); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this standard is a liberal one, a complaint must still

4

provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Facial plausibility means that the complaint contains "factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Such plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). In such a case, the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see Iqbal*, 566 U.S. at 678.

A complaint need not set down in detail all the particulars of a plaintiff's claim. However, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 566 U.S. at 678 (This standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). "Bare assertions," basic recitations of the elements of the cause of action, or "conclusory" allegations are not entitled to the assumption of truth and, without more, do not satisfy the Rule 8 notice standard. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, the Court is not required to conjure unpleaded

5

facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir. 1996) (citation omitted).

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* Finally, Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. <u>Analysis</u>

Plaintiff seeks monetary and injunctive relief for Amazon's violation of his first, fifth, and fourteenth amendments rights. (Doc. No. 8 at PageID 70, 74-75.) He additionally asserts that he is entitled to relief because Amazon forced him to violate 18 U.S.C. § 2385. (*Id.*) Finally, Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 for racial discrimination, religious discrimination, retaliation. (*Id.*)

#### A. Extraneous Documents

At the outset, the Court must address an issue that appears in Plaintiff's opposition brief (Doc. No. 24), Amazon's reply brief (Doc. No. 28), and Plaintiff's motion to strike Amazon's reply brief (Doc. No. 30). The issue stems from Plaintiff attaching exhibits to his opposition brief and incorporating by reference the exhibits attached to his summary judgment motion.

(Doc. No. 24-2 at PageID 268.) In its reply brief, Amazon objects to the Court considering these exhibits because, when ruling on a motion to dismiss, courts can only consider exhibits if they are referred to in the complaint and are central to the claims therein. (Doc. No. 28 at PageID 302 (citing *Basset*, 528 F.3d at 430 (6th Cir. 2008).) In his motion to strike Amazon's reply brief, Plaintiff contends that the restrictions placed on the types of extraneous material that courts can consider only apply to motions to dismiss, not oppositions to motions to dismiss. (Doc. No. 30-1 at PageID 322.)

The law on this issue is clear: when a court is presented with a Rule 12(b)(6) motion, it may only consider material related to the pleadings. *See Bassett*, 528 F.3d at 430. This rule applies to motions to dismiss, opposition briefs to motions to dismiss, and reply briefs in support of motions to dismiss. *See id.* Documents are considered related to the pleadings *only if* they are (a) attached to either the complaint or the defendant's motion to dismiss, (b) referred to in the complaint, and (c) central to the plaintiff's claims. *Id.* If a Court considers documents outside of the pleadings, it must convert the motion to dismiss to a summary judgment motion; however, the court retains discretion to decide if it wants to make such a conversion. *Barrett v. Harrington*, 130 F.3d 246, 253 (6th Cir. 1997). The Court finds none of the documents that Mr. Warner seeks to introduce are related to the pleadings. Further, the Court declines to consider any documents outside of the pleadings and to ultimately convert Amazon's motion to dismiss to a summary judgment motion.

Plaintiff's reasoning for seeking to have this material considered reveals that he is not prejudiced by excluding this information. Plaintiff attached various documents to his opposition brief to establish that he is an employee of one of the named-Defendants, Amazon.com, Inc. (Doc. No. 24-2 at PageID 228-75.) But Amazon has conceded that he is an employee of the

7

other named Defendant, Amazon Services, LLC and, accordingly, has not attempted to dismiss the case for failure to name a proper party. (Doc. No. 28 at PageID 302 n.2.) Nor has Amazon even asked to dismiss Amazon, Inc. from the case. Thus, at this stage, this information is irrelevant. Similarly, Plaintiff provides communications between him and the Fulfillment Center management, proving he was and continues to be transferred. (Doc. No. 24-2 at PageID 268.) However, the Court need not review these documents to consider the alleged transfers. At this stage in the litigation, the Court must take all Plaintiff's allegations as true, including his transfer(s) to the Pack Singles department. (Doc. No. 8 at PageID 68.) *Iqbal*, 556 U.S. at 678.

### B. 18 U.S.C. § 2385

Plaintiff asserts that by requiring its employees to observe a moment of silence to honor George Floyd, Amazon violated 18 U.S.C. § 2385, a statute that criminalizes certain conduct aimed at overthrowing the United States Government. (Doc. No. 8 at PageID 72.) This statute provides that:

> Whoever knowingly or willfully advocates, abets, advises, or teaches the duty, necessity, desirability, or propriety of overthrowing or destroying the government of the United States or the government of any State, Territory, District or Possession thereof, or the government of any political subdivision therein, by force or violence, or by the assassination of any officer of any such government; or
>
> Whoever, with intent to cause the overthrow or destruction of any such government, prints, publishes, edits, issues, circulates, sells, distributes, or publicly displays any written or printed matter advocating, advising, or teaching the duty, necessity, desirability, or propriety of overthrowing or destroying any government in the United States by force or violence, or attempts to do so; or
>
> Whoever organizes or helps or attempts to organize any society, group, or assembly of persons who teach, advocate, or encourage the overthrow or destruction of any such government by force or violence; or becomes or is a member of, or affiliates with, any such society, group, or assembly of persons, knowing the purposes thereof—

> Shall be fined under this title or imprisoned not more than twenty years, or both, and shall be ineligible for employment by the United States or any department or agency thereof, for the five years next following his conviction.
>
> If two or more persons conspire to commit any offense named in this section, each shall be fined under this title or imprisoned not more than twenty years, or both, and shall be ineligible for employment by the United States or any department or agency thereof, for the five years next following his conviction.
>
> As used in this section, the terms "organizes" and "organize", with respect to any society, group, or assembly of persons, include the recruiting of new members, the forming of new units, and the regrouping or expansion of existing clubs, classes, and other units of such society, group, or assembly of persons.

18 U.S.C. § 2385.

Amazon seeks to dismiss this claim because 18 U.S.C. § 2385 does not provide private litigants with a cause of action. *See, e.g., Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code."). In response, Plaintiff argues that the legislature intended there to be a private cause of action. (Doc. No. 24-2 at PageID 279.) Specifically, he cites *Cort v. Ash*, 422 U.S. 66 (1975), which enumerates factors courts are to use to determine whether the legislature created a private cause of action for a particular statute. (*Id.*)

Under *Cort*, to determine whether the statute contains a private cause of action, courts must consider: (a) whether the plaintiff is one of the class for whose benefit the statute was created; (b) whether there is any indication, explicit or implicit, that the legislature intended to create a private cause of action; (c) whether a private cause of action is consistent with the underlying purpose of the legislative intent; and (d) whether the cause of action related to one relegated to state law. 422 U.S. at 78. It is clear from the statute that the legislature enacted this law to protect government officials from conduct that seeks to undermine them in fulfilling their

9

duties. 18 U.S.C. § 2385. Nothing in the statute's text, legislative history, or any prior court ruling indicates that this statute was enacted to give private citizens, like Plaintiff, a private cause of action. *See Cort*, 422 U.S. at 78; *Thompson v. Thompson*, 484 U.S. 174, 520 (1988) (holding that the legislative history, context, and language of a federal statute must conclusively show that Congress intended there to be a private cause of action for courts to determine that a statute provides a private remedy). Further, other district courts have evaluated this issue and determined that 18 U.S.C. § 2385 does not provide a private cause of action. *Beeson v. South Carolina*, No. CV 2:16-1164-RMG-BM, 2016 WL 4394506, at *3 (D. S.C. July 13, 2016); *Okoro v. Krueger*, No. CIV.A. 05-70269, 2007 WL 3333476, at *11 n.7 (E.D. Mich. Sept. 21, 2007).

Accordingly, this claim is dismissed.[1]

### C. Constitutional Claims

Although Plaintiff does not assert his constitutional claims under 42 U.S.C. § 1983, the Court construes his complaint as if he does because § 1983 serves as the primary vehicle to obtain damages for violations of the constitution. *Communities for Equity v. Michigan High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant

---

[1] To the extent that Plaintiff cited to this statute to have a criminal law enforced, he has also failed to state a claim because private citizens cannot seek to compel enforcement of federal criminal laws. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id.* at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

Amazon asserts that Plaintiff's constitutional claims fails because Amazon is a private organization and, therefore, cannot act under the color of state law. (Doc. No. 14-1 at PageID 171-72.) In response, Plaintiff reiterates allegations made in the amended complaint and his summary judgment motion. (Doc. No. 24-2 at PageID 280; Doc. No. 10 at PageID 84.) Namely, Plaintiff asserts that Amazon is a state actor – and thus operating under the color of state law – because of its status as an essential business during the COVID-19 pandemic. (Doc. No. 8 at PageID 73.) More specifically, Plaintiff argues that – because various federal and state public institutions allowed Amazon to continue its operations while its direct competitors were forced to shut down – Amazon and the federal and state governments are sufficiently "entwined" to render Amazon a state actor. (*Id.*)

The Sixth Circuit has "recognized four tests to determine whether a private party's challenged conduct is fairly attributable to the State: (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test." *Snodgrass-King Pediatric Dental Assocs., P.C. v. DentaQuest USA Ins. Co., Inc.*, 780 F. App'x 197, 204 (6th Cir. 2019).

Under the entwinement test, the test Plaintiff appears to apply, "the crucial inquiry is whether the nominally private character of the private entity is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings such that there is no substantial reason to claim unfairness in applying constitutional standards to it." *Doe v. BMG Sports, LLC*, No. 1:20-CV-688, 2022 WL 345178, at *9 (S.D. Ohio Feb. 4, 2022)

11

(cleaned up) (internal quotation marks omitted) (citing *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 129 (6th Cir. 2009) and *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 298 (2001)). Here, Plaintiff has not alleged facts that – even if taken as true – lead to the inference that Amazon is a state actor. Under the entwinement test, by simply allowing a private business to stay open and operate during a pandemic, the government has not integrated itself with Amazon enough to make Amazon a state actor. *Brentwood*, 531 U.S. 288 at 298. Notably, the complaint does not allege that government officials are involved in deciding how Amazon conducts business or controls its workforce; it merely asserts that the government viewed its services as vital and allowed it to operate on its own terms while other businesses were ordered to close. (Doc. No. 8 at PageID 73.)

Plaintiff does not appear to allege that Amazon is a state actor under the other three tests. First, nothing in the complaint indicates that Amazon fulfills a function traditionally fulfilled by the government. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (noting that the public function test requires courts to conduct a historical analysis). Second, under the compulsion test, Plaintiff has not alleged any facts that show that the state has exercised influence over Amazon's decisions through either coercion or encouragement. *Reguli v. Guffee*, 371 F. App'x 590, 600 (6th Cir. 2010). Third, to prevail on the nexus test, Plaintiff was required to articulate facts showing that the government was involved enough with Amazon's decision to order employees to observe a moment of silence that the decision could be characterized as state action. *Partin v. Davis*, 675 F. App'x 575, 585 (6th Cir. 2017). Plaintiff has alleged no such facts.

Therefore, Plaintiff's constitutional claims are dismissed.

### D. Title VII Discrimination Claim

In *Swierkiewicz*, the Supreme Court clarified that the plaintiff is not required to plead specific facts establishing a prima facie case of discrimination under the *McDonnell Douglas* framework. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002). To survive a motion to dismiss, the plaintiff need only plead non-conclusory allegations establishing "(1) membership in the protected class, (2) specific adverse employment taken against [him], and (3) instances in which [he] was treated less favorably than others not in the protected class."[2] *Lee v. Vanderbilt Univ.*, No. 3:20-CV-00924, 2022 WL 1094654, at *11 (M.D. Tenn. Apr. 12, 2022) (citing *James v. Hampton*, 592 F. App'x 449, 461 (6th Cir. 2015); *see Swierkiewicz*, 534 U.S. at 514 (holding that the plaintiff's complaint met the requirements of Fed. R. Civ. P. 8(a) and 12(b)(6) because it "detailed the events leading to [plaintiff's] termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with [the plaintiff's] termination); *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (reversing a dismissal for failure to state a claim because plaintiff pleaded she was a member of a protected class, specific adverse employment actions, and facts indicating that white employees were treated differently).

Amazon asserts that dismissal is appropriate because Plaintiff has not provided facts indicating that he was discriminated against because of his race or that he faced an adverse employment action. (Doc. No. 14-1 at PageID 173-74.) In response to Amazon's first contention, Plaintiff articulates he has a cause of action for racial and religious discrimination

---

[2] This Court construes Plaintiff's complaint as if he intends to prove discrimination with circumstantial evidence. The only fact that he appears to allege as direct evidence is that the supervisor who transferred him is an African American. (Doc. No. 24-2 at PageID 275.) The fact that his supervisor is of a different race than him – without more – is not enough to prevail under the direct evidence method. *See Equal Emp. Opportunity Comm'n v. Publix Super Markets, Inc.*, 481 F. Supp. 3d 684, 697-98 (M.D. Tenn. 2020).

because he made the non-conclusory allegation that he, as a white man and an atheist, was forced to recognize George Floyd's homicide. (Doc. No. 24-2 at PageID 275.)

While perhaps more than a mere conclusory allegation under *Twombly* or *Iqbal*, Plaintiff's allegation does not lead to an inference that he was discriminated against because of his race or religion. Under Title VII, it is illegal for an employer to take an adverse employment action against its employee when the decision to take the action is because of or motivated by the employee's membership in a protected class. *Bostock v. Clayton Cnty., Georgia*, 140 S. Ct. 1731, 1739 (2020) (describing the "but for" causation requirement in standard Title VII discrimination cases); *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 396-97 (6th Cir. 2008) (discussing the "motivating factor" standard in "mixed-motive" Title VII cases). In other words, Plaintiff was required to allege that Amazon made him observe a moment of silence, at least, in part, because he is a white atheist. He did not do so. Instead, the complaint alleges that all employees at the Fulfillment Center were ordered to observe the moment of silence. Plaintiff does not allege that he was singled out. Nor does the complaint allege that Amazon predicated its transfer of Plaintiff to the Pack Singles department on Plaintiff's race or religion. In the end, all Plaintiff alleged is that Amazon required all employees to observe a moment of silence to commemorate George Floyd's death, and Amazon disciplined Plaintiff for refusing to participate in the companywide activity. Title VII does not protect employees from such conduct.[3]

---

[3] A generous reading of Plaintiff's opposition brief suggests that he might be asserting that Amazon subjected its white and non-religious employees to a hostile work environment by requiring them to support an anti-white racial justice movement with religious undertones. But Plaintiff also does not allege a plausible hostile work environment. To establish a hostile work environment claim, the plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21 (1993) (internal citations omitted).

Because this Court has determined that Plaintiff has not alleged that Amazon's transfer from the Pack Flow department to the Pack Singles department was because of or motivated by his race or religion, it need not determine whether the transfer was an adverse employment action. *See, e.g., Kocsis v. Multi-Care Mgmt., Inc.*, 97 F.3d 876, 886 (6th Cir. 1996). Even if it was, Plaintiff has not alleged a viable Title VII discrimination claim.

Accordingly, Plaintiff's racial and religious discrimination claims brought under Title VII are dismissed.

### E. Title VII Retaliation Claim

Like with a discrimination claim, at the motion to dismiss stage, the plaintiff need not fully plead the entire prima facie case of discrimination under *McDonnell Douglas*. *Lee,* 2022 WL 1094654, at *14. Instead, the plaintiff must only allege facts that create a plausible inference of retaliation. To prevail on a retaliation claim, the plaintiff must show (a) he engaged in a protected activity; (b) the defendant knew of his protected activity; (c) the defendant took an adverse employment action against him, and (d) a causal connection existed between the protected activity and the materially adverse action. *Taylor v. Geithner*, 703 F.3d 328, 336 (6th Cir. 2013).

#### i. Plaintiff's Original, Permanent Transfer to the Pack Singles Department

Plaintiff has not alleged facts that lead to the inference that Amazon's original, permanent transfer of him to the Pack Singles department constituted discrimination under Title VII. Specifically, before Amazon transferred him to the position permanently, Plaintiff had not engaged in any activity protected under Title VII. An employee engages in protected activity when they oppose "any practice made an unlawful employment practice," which covers not only the filing of the formal discrimination charges with the EEOC but also complaints to

15

management and less formal protests of discriminatory employment practices. *Ruiz-Fane v. Tharp*, 545 F. Supp. 3d 543, 557 (N.D. Ohio 2021) (citing *E.E.O.C. v. New Breed Logistics*, 783 F.3d 1057, 1067 (6th Cir. 2015)). Although this is a broad definition, Plaintiff does not provide any facts indicating that he attempted to make anyone at Amazon aware that he believed the moment of silence was an unlawful employment practice before he filed the EEOC charge. Thus, Plaintiff cannot assert that the original transfer to the Pack Singles department was Amazon's retaliation against him for engaging in a protected activity.

### ii. Plaintiff's Ongoing Temporary Transfers to the Pack Singles Department, Written Discipline, and Removal from the Pack Singles Department

Plaintiff argues that Amazon has retaliated against him for filing the EEOC charge and protesting what he believes are illegal transfers back to the Pack Singles department by (a) continuing to transfer him back to the Pack Singles department, (b) subjecting him to "slanderous and untrue" written discipline, and (c) removing him from the Problem Solve position. (Doc. No. 8 at PageID 69-70.)

First, Amazon argues that dismissal is appropriate because Plaintiff has failed to allege that Amazon took any adverse employment action against Plaintiff. (Doc. No. 14-1 at PageID 175-76.) To support its argument, Amazon cites *Lee v. Cleveland Clinic Found.*, 676 F. App'x 488 (6th Cir. 2017) for the proposition that an adverse employment action is narrowly defined and does not include any employment action taken against Plaintiff. (Doc. No, 14-1 at 176.) But this case is inapplicable because it defines adverse employment actions in the context of a discrimination claim, not a retaliation claim. *Lee,* 676 F. App'x at 494.

In the retaliation context, an adverse employment action is broadly defined as any action that a reasonable employee might have found materially adverse, which means it might have

16

dissuaded a reasonable worker from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). In other words, it must only be more than "petty slights, minor annoyances, and simple lack of good manners." *Id.* The Sixth Circuit has described this as a "relatively low bar" to meet. *Queen v. City of Bowling Green, Kentucky*, 956 F.3d 893, 904 (6th Cir. 2020). Plaintiff's complaint asserts facts that meet this low bar: being removed from a position, facing written discipline, and having to work physically demanding shifts could all dissuade a reasonable worker from engaging in a protected activity. *See id.*

Second, Amazon argues that dismissal is appropriate because Plaintiff has failed to establish a causal connection between any adverse employment actions that Amazon has taken against Plaintiff and Plaintiff's filing of the EEOC charge. This argument fails because it wrongly assumes that the only protected activity that Plaintiff has engaged in is the filing of the EEOC charge. Plaintiff asserts that he was kicked out of the Problem Solve position,[4] has repeatedly been transferred to the Pack Singles Department, and faced written disciplined – not only because he filed an EEOC charge – but also because he has made his objections known to management that he believes the temporary transfers to the Pack Singles department are illegal. (Doc. No. 8 at PageID 69-70.) This type of objection is plausibly protected activity under Title VII because protected activity is "expansive[ly]" defined as encompassing "complaint[s] to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices." *New Breed*, 783 F.3d at 1067 (6th Cir. 2015) (quoting *Johnson v. Univ. of*

---

[4] The complaint provides scant information about the Problem Solve position. Because this Court is reviewing a *pro se* Plaintiff's complaint at the motion to dismiss stage, it must assume, at a minimum, that this position was something that Plaintiff valued and that he was unhappy when Amazon removed him from this role.

17

*Cincinnati,* 215 F.3d 561, 579, 580 n. 8 (6th Cir. 2000)); *see Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, (2009) ("When an employee communicates to her employer a belief that the employer has engaged in . . . a form of employment discrimination, that communication virtually always constitutes the employee's *opposition* to the activity.").[5] And because the discipline, continued transfers, and removal from the Problem Solve position were alleged to occur immediately after said protests, Plaintiff has adequately established a plausible causal link.[6] *Little v. BP Exploration & Oil Co.,* 265 F.3d 357, 365 (6th Cir. 2001) ("This Court held that temporal proximity in combination with the evidence of retaliatory conduct was sufficient to establish a causal connection between the protected activity and the adverse employment action.").

In the end, Plaintiff has stated a plausible retaliation claim against Amazon. After complaining to management about being subjected to what he believes are illegal transfers, Plaintiff was disciplined and removed from a position. Furthermore, management continues to transfer Plaintiff to the Pack Singles department when it knows he considers this work to be physically arduous. These facts, taken as true, plausibly lead to an inference of retaliation.

---

[5] It is black letter law that an employee does not engage in protected conduct when his opposition to the employer's alleged conduct includes "violat[ing] legitimate rules and orders of his employer, disrupt[ing] the employment environment, or interfer[ing] with the attainment of his employer's goals." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1312 (6th Cir. 1989). And Plaintiff's complaint indicates that Amazon disciplined him and removed him from the Problem Solve position after he objected to his supervisor's order to work in the Pack Singles Department. (Doc. No. 8 at PageID 69-70.) Whether these objections crossed the line from protected opposition conduct to the type of disruptive conduct not covered by Title VII is not an issue that this Court can decide at this stage in litigation. The same is true for whether Amazon's reason for the transfers – that he is one of the few workers cross-trained in the Pack Singles department – is a legitimate, non-discriminatory reason for Amazon's actions.

[6] Additionally, Plaintiff alleges that he was subject to written discipline and removed from the Problem Solve position "immediately after or on the same day he requested his right to sue letter from the EEOC. (Doc. No. 8 at PageID 70.) This allegation also establishes a causal link between protected activity and adverse actions. *See Little*, 265 F.3d at 365.

Accordingly, the Court allows the parties to proceed with discovery on the narrow issue of whether Amazon retaliated against Plaintiff because he protested being transferred to the Pack Singles department.

### IV. Conclusion

For the reasons stated above, this Court GRANTS Amazon's motion to dismiss as to Plaintiff's 18 U.S.C. § 2385, constitutional, and Title VII discrimination claims and DENIES dismissal of Plaintiff's Title VII retaliation claim. The parties are instructed to follow the instructions set forth in the contemporaneously filed Case Management Conference Scheduling Order.

**IT IS SO ORDERED.**

                                                        BRIDGET M. BRENNAN
Date: June 29, 2022                          UNITED STATES DISTRICT JUDGE