UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT WARNER, | ) | CASE NO. 1:21-CV-1885 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Plaintiff Robert Warner ("Warner" or "Plaintiff") submitted a motion for sanctions (Doc. 71).  Defendants Amazon.com, Inc. and Amazon.com Services, LLC ("Amazon" or "Defendants") opposed Plaintiff's motion and seek reasonable costs and fees incurred in responding to the motion.  (Doc. 72.)  Plaintiff replied.  (Doc. 73.)  For the reasons stated herein, Plaintiff's motion for sanctions is DENIED.  Defendants' request for reasonable fees and costs is also DENIED.

**I.      BACKGROUND**

In this Title VII retaliation case, Warner claims Defendants retaliated against him after he reported allegations of discrimination and retaliation to the Equal Employment Opportunity Commission ("EEOC").  On March 27, 2024, during discovery, Warner filed the instant motion for sanctions.  (Doc. 71.)  The bases for the motion are: (1) Defendants' fraudulent misrepresentations to the EEOC which Defendants continue to make in this litigation; (2) fraudulent misrepresentations to the Department of Jobs and Family Services; (3) fraudulent misrepresentations made to this Court; and (4) the submission of a perjured declaration.

Warner seeks default judgment or a "ban on any further sworn or unsworn statements from Defendants." (Doc. 71-1 at 742.) Amazon opposed and requested reasonable costs and fees incurred in responding to Plaintiff's motion, which it calls frivolous. (Doc. 72.)

## II.  LEGAL STANDARD

Plaintiff seeks sanctions under the Court's inherent authority. (*See* Doc. 71 at 742.) A court has the inherent authority for sanctioning bad faith conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). This power is rooted in the Court's "equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *First Bank of Marietta v. Hartford Underwriters Ins.*, 307 F.3d 501, 512 (6th Cir. 2002). "A court may impose sanctions pursuant to its inherent powers only when it finds the action in question was taken in bad faith or conduct that is tantamount to bad faith." *Id.* (citations and quotations omitted).

Generally, bad faith can arise in three situations: "(1) bad faith occurring during the course of the litigation; (2) bad faith in bringing an action or in causing an action to be brought; and (3) bad faith in the acts giving rise to the substantive claim." *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 418 (6th Cir. 1992) (citing *Shimman v. Int'l Union of Operating Eng'r, Loc. 18*, 744 F.2d 1226, 1230 (6th Cir. 1984)). Under the first category, the only one relevant here, courts have found bad faith or conduct tantamount to bad faith when a party delays or prolongs litigation for an improper purpose, willfully refuses to comply with a court order, or commits a fraud on the court, among others. *See Chambers*, 501 U.S. at 45; *see also Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 303 (6th Cir. 2016) (bad faith is conduct "that hampered the enforcement of a court order"); *Murray v. City of Columbus*, 534 F. App'x 479, 484 (6th Cir. 2013) (bad faith "includes situations where fraud has been practiced upon the court and where a

party shows bad faith by delaying or disrupting the litigation."); *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (for bad faith, a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.").

## III. ANALYSIS

### A. Plaintiff's Motion for Sanctions

#### 1. Fraudulent Misrepresentations to the EEOC

Warner argues Amazon made fraudulent misrepresentations to the EEOC in response to his complaints. (Doc. 71-1 at 744.) He further argues Amazon continues to make the same fraudulent misrepresentations to this Court. (*Id.*) The statements at issue are:

> Contrary to Mr. Warner's allegations, Amazon's records conclusively show that Mr. Warner was not transferred away from his preferred Pack Flow position in August 2020.
>
> \* \* \*
>
> Mr. Warner has never been formally assigned to another job since his transfer to Pack Flow.

(*Id.*)

One of Warner's main contentions in this litigation is that as a Fulfillment Associate, he was permanently assigned to Pack Flow, his preferred assignment. (Doc. 36-4 at 397-98.) Warner argues when he was assigned to different roles as a Fulfillment Associate, he was "transferred" from his prior permanent position. (*Id.*) That transfer, according to Warner, was retaliatory. (*Id.*) Amazon's argues Fulfillment Associates can be assigned to various roles based on business needs, including assignments to Pack Singles, Pack Flow, or Problem Solve. (Doc. 52 at 508; Doc. 64-1 at 554.) Accordingly, because Warner was cross-trained, he could be assigned to various roles on any given day, and those assignments were never permanent nor was

he transferred from his position as a Fulfillment Associate. (Doc. 64-1 at 554, 569.) Amazon's position is reflected in its statements to the EEOC.

Warner's motion for sanctions does not provide sufficient evidence from which the Court could conclude Amazon's statements to the EEOC, and legal positions here, were made in bad faith. Nothing in the record supports Amazon's statements and legal positions were done for an "improper purpose" or are an intentional fraud on the Court. Instead, Warner merely disagrees with Amazon's assertions and what the evidence shows. Disagreements about what the evidence shows does not support a finding of bad faith conduct. *See Brack v. Budish*, 599 F.Supp.3d 607, 628 (N.D. Ohio 2022) (holding that parties' disputes over facts could be argued in good faith and "[w]hether one side of the other has the better of the argument legally or factually" is not relevant to a motion for sanctions). None of Amazon's legal positions lack a reasonable basis in law or fact. To support a court's use of its inherent sanction power, courts have required dishonest conduct designed to "thwart judicial proceedings" that raises to a far more disruptive degree. *See Plastech Holding Corp., v. WM Greentech Auto. Corp.*, 257 F.Supp.3d 867, 874 (E.D. Mich. 2017) (discussing fabrication of evidence as sanctionable bad faith conduct). Warner has presented no evidence Amazon's statements to the EEOC and representations here are made in bad faith.

## 2. Fraudulent Misrepresentations to Jobs and Family Services

Warner next argues Amazon engaged in fraudulent misconduct because Amazon represented to the Ohio Department of Jobs and Family Services and this Court that he resigned. (Doc. 71 at 745.) To Warner, Amazon terminated his employment. (*Id.*) He argues the Ohio Department of Jobs and Family Services concluded Amazon terminated his employment, and yet Amazon continues to argue here that he was not terminated. (*Id.*)

Like his arguments about Amazon's statements to the EEOC, Amazon's position that Warner resigned and was not terminated does not reach— or come close to—bad faith. Instead, Amazon's position is consistent with evidence surrounding Warner's departure from Amazon. Amazon's position is not designed to mislead the Court, has not been supported by fabricated evidence, and is not designed to disrupt the legal proceedings. Both parties have made good faith arguments about what each believes the evidence shows. Warner has not supported his motion with evidence to the contrary.

That the Ohio Department of Jobs and Family Services determine Amazon terminated his employment does not preclude this Court from determining otherwise. *See* R.C. § 4141.281(D)(8) (stating that "[n]o finding of fact or law . . . shall begiven collateral estoppel or res judicate effect in any separate or subsequent judicial, administrative, or arbitration proceeding"). Therefore, even though Amazon's position is contrary to the Ohio Department of Jobs and Family Services' conclusion, that conclusion is not binding on this Court.

### 3. Fraudulent Misrepresentations Made to the Court

Warner also argues Amazon fraudulently misrepresented to the Court that Amazon.com, LLC was not Plaintiff's employer. (Doc. 71-1 at 745.) Amazon's asserts that after Warner was transferred from Whole Foods to the Euclid fulfillment center, Warner's employer was Amazon.com Services, LLC. (Doc. 72 at 799.) Amazon further states Warner's claim relates solely to conduct at Amazon.com Services, LLC, and it is therefore the only entity that employed him during the relevant time period. (*Id.*)

Nothing in the record supports the conclusion that Amazon's argument is made in bad faith. Warner has not shown this position was taken for an improper purpose or that Amazon has supported this position with fabricated evidence. In fact, Amazon agrees that Warner's employer

was not Amazon.com Services, LLC when he was hired at Whole Foods. (*Id.*) But after Plaintiff's transfer to the Euclid fulfillment center, his employment was transferred to Amazon.com Services, LLC. (*Id.*) The relevant facts took place only at the Euclid fulfillment center. That Plaintiff was hired by a different legal entity first is not relevant—his employer during the time of the relevant facts was Amazon.com Services, LLC.

### 4. Perjured Declaration

Lastly, Warner argues Amazon submitted a perjured declaration. (Doc. 71-1 at 747.) He asserts that Richard Perez's declaration in support of Amazon's motion for judgment on the pleadings (Doc. 64) is false. Warner argues Perez attested that Warner was never permanently assigned to Problem Solve, and instead, as a Fulfillment Associate, Amazon could assign Warner to various departments depending on business need. (*Id.*)

As explained above with reference to the EEOC statements, no record evidence suggests Perez's statements in his declaration is false or done with the intention to mislead the Court. Warner has not submitted evidence demonstrating the declaration is false. Instead, Warner's motion discusses his belief that Fulfillment Associates were not freely assigned to departments, and instead, were permanently assigned job paths. Whether the Court ultimately concludes the evidence supports Warner's or Amazon's position is not relevant. To the contrary, the bad faith standard necessary for sanctions is only satisfied by a showing that a party intentionally defrauded the Court or conducted itself with an improper purpose. There is no evidence Amazon did either.

### B. Amazon's Request for Reasonable Costs and Fees

Amazon argues it is entitled to reasonable costs and fees incurred in responding to Warner's frivolous motion under LR 7.1(i). (Doc. 72 at 795.) LR 7.1(i) provides: "Filing a

frivolous motion or opposing a motion on frivolous grounds may result in the imposition of appropriate sanctions including the assessment of costs and attorneys' fees against counsel and/or the party involved." Courts in this Circuit impose sanctions for frivolous filings or motions upon a finding of bad faith conduct or conduct tantamount to bad faith. *See Good Nutrition, LLC v. Kinsale Ins.*, No. 17-cv-2160, 2018 WL 7858719, 2018 U.S. Dist. LEXIS 229910, at *8-9 (N.D. Ohio Jan 22, 2018).

While the Court finds the motion for sanctions without merit, the Court does not find Warner engaged in bad faith conduct warranting sanctions for the filing of the motion. *See McGee v. Armstrong*, No. 11-cv-2751, 2018 WL 3956879, 2018 U.S. Dist. LEXIS 138861, at *1 n.3 (N.D. Ohio Aug. 16, 2018) (no sanctionable conduct even where a "motion follows [the plaintiff's] case-long pattern of making unsupported, conclusory arguments"). While Warner's motion was "misguided," Amazon has not established that it was "frivolous or in bad faith." *Id.*

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for sanctions (Doc. 71) is DENIED. Defendants request for reasonable costs and fees associated with responding to the motion for sanctions is DENIED.

IT IS SO ORDERED.

Date: May 16, 2025

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE